UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SALIM MATEEN-EL,
        Plaintiff,

v.                                             08-3104

PEORIA COUNTY JAIL, et al.,
        Defendants.

### MEMORANDUM OPINION AND ORDER

Before the court is the defendant[1], Steven S. Smith's, Superintendent of Peoria County Jail, motion to dismiss [14]. The defendant moves to dismiss the plaintiffs' complaint pursuant to FRCP Rule 12(b)(6) and for failure to exhaust administrative remedies.

Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Background

The plaintiff complains about incidents that took place during the period November 8, 2007 through January 31, 2008. The plaintiff claims he was attacked by other inmates at night

---

[1]The plaintiff named as defendants: Peoria County Jail, Jailer Chief, Staff John Doe and Administrative Staff. Steven S. Smith, Superintendent of the Peoria County Jail has accepted service on behalf of the defendant, Jailer Chief and has entered an appearance and filed a motion to dismiss

and the defendants failed to protect him from these attacks.  Further the plaintiff claims he was forced to sleep on the concrete floor and the cold concrete and moisture caused his bones to ache.  The defendant, Steven S. Smith has filed a motion to dismiss wherein he asserts, among other defenses, that the plaintiff has failed to exhaust administrative remedies.

Discussion and Conclusion

Exhaustion of administrative remedies is a condition precedent to suit.  (*Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), *citing Perez v. Wis. Dep't of Corrs*., 182 F.3d 532, 535 (7th Cir.1999)); s*ee also Burrell v. Powers*, 431 F.3d 282, 284 (7th Cir.2005)).  As the Court of Appeals for the Seventh Circuit has held, "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the Page 10 of 13 claim on the merits" (*Perez*, 182 F.3d at 535; *see also Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999)).  The defendant asserts that the plaintiff failed to follow the Peoria County Jail grievance procedure.  The Prison Litigation Reform Act prohibits prisoner lawsuits "until such administrative remedies as are available are exhausted" (42 U.S.C. §1997e(a)).  A prisoner must follow the prison's procedures and format to exhaust his administrative remedies (*Cannon v. Washington,* 418 F.3d 714, 718 (7th Cir. 2005)). "For a prisoner to exhaust his remedies within the meaning of §1997e(a), he 'must file complaints and appeals in the place, and at the time, the prison's administrative rules require'" (*Burrell v. Powers,* 431 F.3d 282, 285 (7th Cir. 2005), *quoting Pozo v. McCaughtry,* 286 F. 3d 1022, 1025 (7th Cir. 2002)).

In the case at bar, the defendant asserts that Peoria County Jail has an inmate/detainee grievance procedure, and such procedure existed at the time alleged in plaintiff's complaint (Exh. A, attached to defendant's motion to dismiss).  If after filing a written complaint an inmate is not satisfied with the response to his complaint, he may file an appeal with the Peoria County Jail Superintendent (Exh. A).  Such appeals must be in writing, using an Inmate Request Form (Exh. A).  In his complaint, the plaintiff admits that the Peoria County Jail has a grievance procedure available to inmates and detainees (complaint [1], p. 5).  Further, the defendant asserts that the plaintiff has used the grievance procedure at the Peoria County Jail during past incarcerations (Exh. A).  While the plaintiff claims that an unknown officer told him he did not need a form, (complaint, p. 5), he does not allege that the officer told him he could not have a form or that the officer refused to give him a form.  The defendant argues that during Plaintiff's detention at the Peoria County Jail in November and December, 2007, he simply failed to fill out an Inmate Request Form on the incidents described in his complaint, as he has done in the past and as is required by the Peoria County Jail Rules and Regulations (Exh. A).  Further, the defendant asserts that the plaintiff also failed to make any written appeal to Peoria County Jail Superintendent Smith, as is also required by the Peoria County Inmate Rules and Regulations (Exh. A).  The defendant argues that the plaintiff's complaint must be dismissed in its entirety for failure to exhaust his administrative remedies.

In his response [19] (filed as a motion to continue), the plaintiff now says that the "'grievance procedure' was file (sic), but never answered."  However, failure to exhaust is an affirmative defense and the defendant has supplied an affidavit that no administrative remedy

was sought by the plaintiff.  The plaintiff's response to the defendant's motion to dismiss for failure to exhaust administrative remedies is inadequate and belies his admission in his complaint that he did not exhaust administrative remedies.  Furthermore, when the court confronted the plaintiff, during the November 13, 2008-- Rule 16 conference, about the contradictions between his response assertion and his complaint, his only comment was "[w]ell, I must have made a mistake."  The plaintiff has given inconsistent statements and he is therefore not credible.  The court finds that the plaintiff has failed to exhaust administrative remedies for the incidents he complains of in his complaint.

**It is therefore ordered:**

1. **Pursuant to *Perez v. Wis. Dep't of Corrs*., 182 F.3d 532, 535 (7th Cir.1999) and *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), the plaintiff's entire complaint is dismissed, without prejudice, for failure to exhaust administrative remedies.**
2. **The clerk of the court is directed to terminate this lawsuit in its entirety.  Any remaining matters are rendered moot.**
3. **Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 18th day of November 2008.**

            s\Harold A. Baker

            _____
              **Harold A. Baker**
            **United States District Court**